IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No.  17-24489-CMB |
| | : | |
| JAMES M. ONDEK,            Debtor. | : | |
| | : | Chapter 13 |
| | : | |
| | : | Motion No. ☐ WO-1 |
| | : | Motion No. ☐ WO-2 |
| | : | |

**AMENDED MOTION FOR ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT**

The undersigned respectfully represents as follows:

1. A Chapter 13 case was filed and the Chapter 13 Plan was Modified and confirmed on January 25, 2021.

2. It appears that the Debtor receives regular income which may be attached under 11 U.S.C. §1326 to fund the Chapter 13 Plan.

3. The likelihood of success in the case will be much greater if the Debtor's income is attached to fund the plan.

    **WHEREFORE**, the Chapter 13 Trustee and/or the Debtor respectfully request that this Court enter an Order to Pay Trustee in the form attached.

                                                                      /s/ Edward Leymarie, Jr., Esquire
                                                                Attorney for Debtor
                                                                Leymarie Clark Long, P.C.
                                                                423 Sixth Street
                                                                Ellwood City, PA  16117
                                                                Phone:  (724) 752-1583
                                                                Email:  ed@lclpc.com
                                                                PA Supreme Court ID:  27587

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No.  17-24489-CMB |
| | : | |
| JAMES M. ONDEK,        Debtor. | : | |
| | : | Chapter 13 |
| | : | |
| | : | Related to Document No. |

**ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT**

The above-named Debtor(s) having filed a Chapter 13 petition and Debtor(s) or Trustee having moved to attach wages to fund the Chapter 13 Plan:

IT IS, THEREFORE, ORDERED that until further order of this Court, the entity from which the Debtor receives income:        **E.C. MASONRY, INC.**
117 HERMAN ROAD,  BUTLER, PA  16002

shall deduct from that income the sum of $264.93 *(Debtor is paid weekly. Debtor's total Chapter 13 Plan monthly obligation = $1,148.00)* beginning on the next pay day following receipt of this order and shall deduct a similar amount each pay period thereafter, including any period for which the Debtor receives a periodic or lump sum payment as a result of vacation, termination, or other benefit arising out of present or past employment, or from any other benefits payable to the Debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

RONDA J. WINNECOUR
CHAPTER 13 TRUSTEE, W.D.PA.
P.O. BOX 84051
CHICAGO, IL  60689-4002

IT IS FURTHER ORDERED that the above-named entity shall notify the Chapter 13 Trustee if the Debtor's income is terminated and the reason therefor.

IT IS FURTHER ORDERED that the Debtors shall serve this order and a copy of the Notification of Debtor's Social Security Number, Local Bankruptcy Form 12, that includes the debtor's full Social Security number on the above-named entity. Debtor shall file a certificate of service regarding service of the order and local form, but the Social Security number shall not be included on the certificate.

IT IS FURTHER ORDERED that all remaining income of the Debtor, except the amounts required to be withheld for taxes, Social Security, insurance, pension, or union dues shall be paid to the Debtor in accordance with usual payment procedures.

IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION, OR OTHER PURPOSE SHALL BE MADE FROM THE INCOME OF DEBTOR WITH THE SOLE EXCEPTION OF ANY SUPPORT PAYMENTS.

IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the Debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

DATED this _____ day of _____, _____.

_____
United States Bankruptcy Judge